CYNTHIA FARRELL *vs.* ONBOARD, INC. & others. March 28, 1983. The first four questions reported by the judge we answer in the negative because the defendant Onboard, Inc., and its officers were not engaged in State action. *Rendell-Baker* v. *Kohn,* 457 U.S. 830, 841-842 (1982). *Bello* v. *South Shore Hosp.,* 384 Mass. 770, 776-777 (1981). *Phillips* v. *Youth Dev. Program, Inc.,* 14 Mass. App. Ct. 626 (1982), further appellate review granted, 388 Mass. 1101 (1983). Accordingly, there was no basis for maintaining those counts in the complaint based on 42 U.S.C. § 1983 (1976), We decline to answer the fifth question, which is deficient in stating the factual premises for the question or stating with clarity the issue of law to be resolved. To the extent the question purports to deal with the measure of damages, which is far from clear, the judge should resolve the question by the application of familiar contract principles set forth in *Dickson* v. *Riverside Iron Works,* 6 Mass. App. Ct. 53, 57 (1978). As to the sixth question, nothing entitled the plaintiff to reinstatement; her employment was private and it was not governed by any collective bargaining agreement. *Arthur* v. *Oakes,* 63 F. 310, 318 (7th Cir. 1894). *Stevenot* v. *Norberg,* 210 F.2d 615, 618-619 (9th Cir. 1954). 11 Williston, Contracts § 1423, at 782-788 (3d ed. 1968). Cf. *Sanford* v. *Boston*

*Edison Co.*, 316 Mass. 631, 634 (1944). Although we have answered all but one of the judge's questions, we observe that the case was not an apt one for a report. The case had been fully tried and a verdict returned. It was the duty of the trial judge to act on the motions made by the defendants for judgment notwithstanding the verdict. See generally *Lazzaro* v. *Holladay, ante* 108, 109 n.2 (1983). The case is remanded for further proceedings in accordance with this opinion.

*So ordered.*

*Donald J. Fleming,* for the plaintiff, submitted a brief.